IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:96CR3057 |
| | ) | |
| v. | ) | |
| | ) | |
| DAMION E. JOHNSON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Damion E. Johnson (the Defendant) filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion[1]. It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that he is not entitled to relief.

The Defendant and Henry Valdez were tried jointly for attempted bank robbery, *see* 18 U.S.C. § 2113, and using a firearm during a crime of violence, *see id.* § 924(c)(1). A jury convicted each on both counts. Following the trial, I sentenced the Defendant to 97 months' imprisonment on the attempted bank robbery conviction to be followed by 120 months' imprisonment on the weapons conviction. *United States v. Valdez*, 146 F.3d 547, 549 (8th Cir. 1998). Once before, the Defendant filed a § 2255 motion but it was denied.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The United States Supreme Court has held that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924 (e)(2)(B)(ii)), violates the Constitution's guarantee of due process. *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (U.S. June 16, 2015). The Defendant argues that *Johnson* entitles him to relief. Specifically, the Defendant argues for an extension of *Johnson* and maintains that the offense found in § 924(c)(1) requires as a predicate a crime of violence. Then, Defendant argues that *attempted* bank robbery by definition is not a crime of violence. I deny the motion for two reasons.

First, because the Defendant's argument seeks an extension of *Johnson* beyond the clear holding of that case pertaining only to the residual clause of the ACA and this is the Defendant's second § 2255 motion, the Defendant must obtain a certificate to proceed from the Court of Appeals as required by § 2255(h). He has not done so.

Given a recent ruling by the Eighth Circuit Court of Appeals denying such a certificate in a bank robbery case, the Defendant could not get a certificate in this case. *Holder v. United States*, No. 16-2207, 2016 WL 4728037, at *1 (8th Cir. July 26, 2016) (federal prisoner was not entitled to file second or successive motion to vacate his sentence upon conviction of bank robbery based on Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, which held that definition of prior "violent felony" in residual clause of Armed Career Criminal Act (ACCA) was unconstitutionally vague under due process principles, since bank robbery was a "crime of violence" under statute providing for additional period of confinement for using firearm in connection with crime of violence). Thus, as a procedural matter this case must be dismissed for lack of the required certificate from the Court of Appeals.

Second, the Eleventh Circuit has recently articulated the two reasons why *attempted* bank robbery is a "crime of violence." That is: (1) attempted bank robbery is nearly identical to generic robbery and thus qualifies as a "generic offense" and (2) attempted bank robbery meets the "elements test" because the government must prove that the offender took actions from which an ordinary person could reasonably infer

2

a threat of bodily harm. *United States v. Jenkins*, No. 15-14809, 2016 WL 3101281, at \*3 (11th Cir. June 3, 2016). Since I agree with the Eleventh Circuit, the motion will be denied on the merits as well.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the Defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the latest § 2255 motion (filing no. 123) is denied with prejudice, no certificate of appealability will be issued, and judgment will be entered by separate document.

DATED this 4th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge