IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  DAMION E. JOHNSON,  Defendant. | 4:96-CR-3057  ORDER |

    This matter is before the Court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 136. The defendant's motion will be denied.

    Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a) and the policy statement set forth in U.S.S.G. § 1B1.13, may grant the motion if extraordinary and compelling reasons warrant the reduction.

    But the Court's primary concern in this case is which term of imprisonment the defendant is actually seeking to reduce. He was sentenced by this Court on November 5, 1997 to a term of imprisonment of 97 months as to Count I, and 120 months on Count 2, sentences to be run consecutively. Filing 84. As a result—and records from the Bureau of Prisons confirm—the defendant finished serving his 217-month Nebraska sentence on November 29, 2015. He's still in prison because he was convicted of conspiracy to commit murder in USP Leavenworth and sentenced in the District of Kansas to another consecutive term of 121 months' imprisonment, and then convicted of

assault in FCI Victorville and sentenced in the Central District of California to another consecutive term of 96 months' imprisonment.

In other words, the defendant is asking this Court to reduce a Nebraska sentence he's already effectively finished serving. To be sure, multiple terms of imprisonment are treated for *administrative* purposes as a single, aggregate term of imprisonment. 18 U.S.C. § 3584(c). The Court is not ruling out the possibility that it could, somehow, provide the defendant with some sort of relief. *See, e.g.*, *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023).

But a motion for compassionate release is generally premised on the idea that the defendant's sentence should be reduced *now*, based on circumstances that exist *now*—it's not a vehicle to correct sentencing error, or a substitute for an 18 U.S.C. § 2255 motion. The defendant isn't asking the Court to shorten his Nebraska sentence—he's asking to re-do it. And, in the process, he's asking the Court to effectively curtail the sentences imposed in Kansas and California, by judges whose sentencing decisions were presumably shaped by their knowledge of the terms of imprisonment the defendant was already serving.

In short, in the Court's view, it's not appropriate for *this* Court to reduce the defendant's sentence. The Court will not attempt to rewrite history. This Court's decision was that the defendant's conduct warranted 217 months' imprisonment, and he's served that time. Instead, if the defendant's sentence is to be reduced, it should be reduced by the court in Kansas or California whose judgment has the defendant imprisoned *now*—those courts can decide whether extraordinary and compelling circumstances exist *now* to reduce the sentences imposed for the crimes he committed in those jurisdictions.[1]

---

[1] The defendant has asserted a claim for a reduced sentence pursuant to U.S.S.G. § Amend. 821, as made retroactive by U.S.S.G. § Amend. 825. *See* filing 133. That motion remains pending while the Court waits for input from counsel and the U.S. Probation Office.

IT IS ORDERED that the defendant's motion for compassionate release (filing 136) is denied.

Dated this 16th day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 3 -